**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE SLOWINSKI, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| FORCES OF NATURE, INC., | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, CHRISTINE SLOWINSKI ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, and for her class action Complaint against the Defendant, FORCES OF NATURE, INC., ("Defendant"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENTS

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq*., common law fraud, unjust enrichment, and breach of warranty, resulting from the illegal actions of Defendant, in intentionally labeling its medicinal products with false and misleading claims that they contain various active ingredients, when Defendant's products do not contain those ingredients. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs, and is a class action in which members of the class are citizens of a State different from the Defendant.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, and Defendant does business in the Northern District of Illinois.

## PARTIES

4.      Plaintiff is an individual who was at all relevant times residing in Schaumburg, Illinois.

5.      On information and belief, Defendant is a California corporation, whose principal place of business is located in Sonoma, California.

6.      At all times relevant hereto, Defendant was engaged in the manufacturing, marketing, and sale of over-the-counter medicinal products.

## FACTS COMMON TO ALL COUNTS

7.      Defendant manufactures, advertises, markets, sells, and distributes medicinal products throughout Illinois and the United States under the brand name "Forces of Nature."

8.      During the Class Period the following list of Defendant's products (the "Products") were advertised as containing the listed active ingredients, when those products did not contain the ingredients listed:

      a.      Allergy Maximum Strength; ingredients: Althaea Officinalis, Inula Helenium, Angelica Archangelica, Pinus Sylvestrus, Natrum Muriaticum, and Sillica;

b.      Athlete's Foot Control; ingredients: Hydocotyle Assiatica and Thuja Occidentalis;

c.      Back Pain Management; Ingredients: Arnica Montana, Hypericum Perforatum, Ruta Graveolens, and Natrum Muiaticum;

d.      Cold & Flu Maximum Strength; ingredients: Sambuscus Nigra, Berberis vulgaris, Solidago, Ocimum, Allium Stativum, Zingiber Officinale, and Trigonella Foenum-Gracum;

e.      Gout Pain Management; ingredients: Arnica Montana and Urica Urens;

f.      Headache Pain Management; ingredients: IrisVersicolor and Silcea;

g.      Joint Pain Management; ingredients: Aesculus Hippocastanum and Ruta Graveolens;

h.      Migraine Pain Management; ingredients: Iris Versicolor and Natrum Muriaticum;

i.      Muscle Pain Relief; ingredients: Arnica Montana and Ruta Grveolens;

j.      Nerve Pain Relief; ingredients: Coffea Cruda, Hypericum Perforratum, and Sillicia;

k.      Maximum Strength Sinus; ingredients: Occimum, Berberis Vulgaris, Allium Sativum, Thuja Occidentalis, Echinacea Angustifoolia, Silica, and Trigonella Foenum-Graecum;

l.      Sleep Well Control; ingredients: Coffea Cruda and Piper Methysticum; and

m.      Varicose Vein Control; ingredients: Aesculus Hippocastanum and Hamamelis Virginiana.

9.      Plaintiff's most recent purchase of the Products was on February 10, 2020.

3

10.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the inclusion of active ingredients in those products.

11.     By making false and misleading claims about the ingredients contained in their products, Defendant impaired Plaintiff's ability to choose the type and quality of products she chose to buy.

12.     Therefore, Plaintiff has been deprived of her legally protected interest to obtain true and accurate information about her consumer products as required by Illinois and Federal law.

13.     As a result, Plaintiff has been misled into purchasing products she would not have otherwise purchased.

14.     The following are examples of the Products' labeling that explicitly claim to contain ingredients that are not in the product:






15.     Plaintiff would not have been able to understand that the Products do not contain the above listed active ingredients without an advanced understanding of chemistry.

16.     Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as containing the above listed active ingredients, Plaintiff could not have known that the Products do not contain those ingredients.

17.     Plaintiff was unaware that the Products do not contain the above listed active ingredients when she purchased them.

18.     Plaintiff and the Class and Sub-Class members were deceived into paying money for products they did not want because the Products were labeled as containing ingredients they do not actually contain.

19.     Worse than the lost money, Plaintiff and the Class and Sub-Class members were deprived of their protected interest to obtain accurate information about the ingredients of the medical products they consume.

20.     Plaintiff and the Class and Sub-Class members, are not, and should not be, required to chemically test the medicinal products they purchase to know the true contents of those products.

5

21. Defendant, and not Plaintiff and the Class and Sub-Class members, knew or should have known that the Products' express labeling listing certain active ingredients, were false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products did not contain the listed ingredients unless Defendant expressly told them.

22. On information and belief, Defendant, through its agents and employees, did know that the Products do not contain the above listed ingredients.

23. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

      a.    Lost money;

      b.    Wasting Plaintiff's time; and

      c.    Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within ten years prior to the filing of the Complaint through the date of class certification.

25. Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows:

> All persons within the State of Illinois who purchased the Products within ten years prior to the filing of the Complaint through the date of class certification.

26. Defendants, their employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the

members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27.     The Class and Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and Sub-Class include thousands, if not millions of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendant and its retailers.

28.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and Sub-Class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

29.     There are questions of law and fact common to the Class and Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and Sub-Class predominate over questions which may affect individual Class and Sub-Class members and include, but are not necessarily limited to, the following:

a.     Whether Defendant disseminated false and misleading information by listing active ingredients that the Products did not contain;

b.     Whether the Class and Sub-Class members were informed of the lack of the ingredients in the Products;

c.     Whether the Products contain the above listed ingredients;

d.     Whether Defendant's conduct was unfair and deceptive;

    e.       Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

    f.       Whether Defendant breached express warranties to Plaintiff, and the Class and Sub-Class members;

    g.       Whether there should be a tolling of the statute of limitations; and

    h.       Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

30.      As a resident of the United States and the State of Illinois who purchased the Products, Plaintiff is asserting claims that are typical of the Class and Sub-Class.

31.      Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and Sub-Class.

32.      Plaintiff will fairly and adequately protect the interests of the members of the Class and Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

33.      A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively

small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34.    The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

35.    Plaintiff's claims and injuries are identical to the claims and injuries of all Class and Sub-Class members, because all claims and injuries of all Class and Sub-Class members are based on the same false labeling and same legal theories. All allegations arise from the identical, false, affirmative written statements made by Defendant when it claimed the Products contained the above listed ingredients.

36.    Defendant has acted or refused to act in respect generally applicable to the Class and Sub-Class thereby making appropriate final and injunctive relief with regard to the members of the Class and Sub-Class as a whole.

37.    The size and definition of the Class and Sub-Class can be identified through records held by retailers carrying and reselling the Products, and by Defendant's own records.

**COUNT I**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND**
**DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.***

38.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 37 above as if fully reiterated herein.

39.    Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as she is a natural person.

40.     Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

41.     815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

42.     Through its representation that the Products contain the above listed ingredients, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

43.     815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...

> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

44.     In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

45.     Defendant failed to comply with the requirements of the ILCFA, including, but not

limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

46.     By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

**COUNT II**
**COMMON LAW FRAUD**

47.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 46 above as if fully reiterated herein.

48.     Through its false statements on the Products' packaging, that the Products contained the above listed ingredients, Defendant made false statements of material fact.

49.     At the time Defendant made its statements to Plaintiff that the Products contained the above listed ingredients, it knew, or reasonably should have known, that the statements described above were false.

50.     At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products.

51.     Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Products did not contain the above listed ingredients.

52.     As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## COUNT III
## UNJUST ENRICHMENT

53.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 52 above as if fully reiterated herein.

54.     Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

55.     Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products contain the above listed ingredients.

56.     Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products if they knew the Products did not contain the active ingredients listed on the Products' packaging.

57.     Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

## COUNT IV
## BREACH OF EXPRESS WARRANTIES

58.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 57 above as if fully reiterated herein.

59.     Defendant, as the manufacturer, designer, marketer, and seller of the Products, expressly warranted that the Products contain the above listed ingredients on the back of the Products' packaging.

60.     Defendant's express warranties that the Products contain the above listed ingredients was part of the basis of the bargain between Plaintiff, and the Class and Sub-Class

members, and Defendant.

61.     However, the Products do not contain the above listed ingredients and do not conform to the express warranties Defendant made to Plaintiff, and the Class and Sub-Class members, that the Products contain the above listed ingredients.

62.     Furthermore, as described above, Defendant had actual knowledge of the above listed defects contained in the Products.

63.     As a direct result of Defendant's breach of the express warranties it made to Plaintiff, and the Class and Sub-Class members, they have been injured, because they would not have purchased the Products on the same terms if they knew the Products did not contain the ingredients as listed on the packaging, and they did not gain the same benefits they bargained for when purchasing the Products.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

      a.    An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

      b.    An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

      c.    An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

      d.    Judgment against Defendant in an amount to be determined at trial;

      e.    An order for injunctive relief prohibiting such conduct by Defendant in the future;

  f.  Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

  g.  Any other relief deemed just and proper by this Court.

## **<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

CHRISTINE SLOWINSKI

By:     /s/ Todd M. Friedman
        Attorney for Plaintiff
        Illinois Attorney No. 6276496
        Law Offices of Todd M. Friedman, P.C.
        21550 Oxnard Street, Suite 780
        Woodland Hills, California 91367
        Phone: (877) 619-8966
        Fax: (866) 633-0228
        tfriedman@toddflaw.com

        /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, Illinois 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com

        /s/ Steven G. Perry
        Attorney for Plaintiff
        Illinois Attorney No. 6330283
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, Illinois 60062
        Phone: (224) 218-0875
        Fax: (866) 633-0228
        steven.perry@toddflaw.com